UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUENTIN ELLIS POOR BEAR,

    Plaintiff,

v.

KENNY NAPIER, *et al.*,

    Defendants.

Case No. C17-1229-RSM-JPD

ORDER TO SHOW CAUSE

Plaintiff Quentin Poor Bear is currently confined at the King County Correctional Facility in Seattle, Washington. He has filed a civil rights complaint under 42 U.S.C. § 1983 in which he seeks to challenge the revocation of his probation in a 2009 King County Superior Court criminal case. (*See* Dkt. 3-1 at 3.) Plaintiff appears to assert that the statutory maximum sentence for his 2009 conviction expired in August 2014, but Washington Department of Corrections (DOC) personnel nonetheless revoked his probation in July 2017 and sanctioned him to an additional 476 days of confinement. (*See id.*) Plaintiff identifies DOC Probation Officer Kenny Napier, DOC Hearings Officer Jason Alty, Community Corrections Officer Dickerson, and DOC Hearings Supervisor Kathy Cavanaugh as defendants in this action. (*See id.* at 2.) Plaintiff seeks an Order from this Court directing the DOC to correct the error pertaining to his

ORDER TO SHOW CAUSE - 1

2009 case, and to restore probation time on a 2013 case, so that he can begin his probation on yet another, more recent, case. (*See* Dkt. 3-1 at 4.)

In order to sustain an action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

Plaintiff's complaint is deficient because he fails to state any claim upon which relief may be granted in this civil rights action. Plaintiff does not allege in his complaint any violation of a federally protected right, and the facts set forth in the complaint do not implicate federal constitutional concerns. Rather, the facts alleged suggest that plaintiff's claim arises out of what he believes to be an improper application of state law. Violations of state law do not give rise to a cause of action under § 1983. Additionally, it appears that plaintiff may be attempting to challenge in this action the lawfulness of his current confinement, but he makes no showing that

ORDER TO SHOW CAUSE - 2

his current confinement has been invalidated in any fashion. It therefore appears that even if plaintiff could identify a federal constitutional basis for his claims, those claims would be barred by *Heck*.

Accordingly, the Court hereby ORDERS as follows:

(1)     Plaintiff shall SHOW CAUSE not later than ***thirty (30) days*** from the date of this Order why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)     The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 21st day of September, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE - 3