UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUENTIN ELLIS POOR BEAR,

                 Plaintiff,

v.

KENNY NAPIER, *et al.*,

                 Defendants.

Case No. C17-1229-RSM-JPD

REPORT AND RECOMMENDATION

On August 11, 2017, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) He subsequently submitted to the Court for consideration an application to proceed with this action *in forma pauperis*. (Dkt. 3.) Plaintiff sought to challenge in his complaint the revocation of his probation in a 2009 King County Superior Court criminal case. (*See* Dkt. 5 at 3.) Plaintiff appeared to assert that the statutory maximum sentence for his 2009 conviction expired in August 2014, but Washington Department of Corrections (DOC) personnel nonetheless revoked his probation in July 2017 and sanctioned him to an additional 476 days of confinement. (*See id.*) Plaintiff identified various DOC personnel as defendants in his complaint, and he asked that the Court issue an Order directing the DOC to

REPORT AND RECOMMENDATION - 1

correct the error pertaining to his 2009 case, and to restore probation time on a 2013 case, so that he could begin his probation on yet another, more recent, case. (*See* Dkt. 5 at 2, 4.)

On September 21, 2017, the Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed. (Dkts. 4 and 5.) On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. 6.) The Court explained in its Order to Show Cause that to sustain an action under § 1983, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute. (*See id*. at 1, citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court further explained that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2, citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).)

The Court noted that plaintiff had not alleged in his complaint any violation of a federally protected right, and that the facts alleged by plaintiff suggested his claim arose out of what he believed to be an improper application of state law. (*Id*. at 2.) The Court explained that violations of state law do not give rise to a cause of action under § 1983. (*Id*.) The Court also noted that even if plaintiff could identify a federal constitutional basis for the claims asserted in his complaint, such claims would likely be barred by *Heck* because it appeared plaintiff was attempting to challenge the lawfulness of his current confinement. (*See id*. at 2-3.)

Plaintiff was granted thirty days within which to file a response to the Order to Show Cause, and was advised that his failure to file a timely response would result in a

REPORT AND RECOMMENDATION - 2

recommendation that this action be dismissed. (Dkt. 6 at 3.) To date, plaintiff has filed no response to the Order to Show Cause.

When a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to identify in his complaint any cognizable claim for relief, and because he failed to respond in any fashion to the Order to Show Cause, this Court recommends that plaintiff's complaint and this action be dismissed, with prejudice, pursuant to § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 4, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 8, 2017.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 13th day of November, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3